## The C. D. Jarratt Co. v. Davis, Director General of Railways.

*Amendment of writ—Change in parties—Action against Director General of Railways.*

A writ issued against "James B. Davis, Director General of Railways, Agent (operating, *inter alia*, the Delaware, Lackawanna & Western Railroad)," cannot be amended by striking out the name of that railroad and substituting in place thereof the name of the Pennsylvania Railroad Company, where there has been no service on the Director General or on any agent or official of the Pennsylvania Railroad Company.

Rule to amend title of case. C. P. No. 5, Phila. Co., Dec. T., 1921, No. 8880.

*Reber & Granger,* for rule.

*D. R. Reese* and *Johnson, Gilkyson & Freeman,* contra.

PER CURIAM, Oct. 16, 1922.—A writ was issued in this case, commanding the sheriff to summon "James B. Davis, Director General of Railways, Agent (operating, *inter alia,* Delaware, Lackawanna & Western Railroad)." It was returned served by handing a copy at the place of business of defendant to J. G. Dawson, the person in charge thereof.

On Feb. 24th an order signed by counsel was filed, containing a caption similar to the writ, requesting the prothonotary to enter an "appearance for defendant above named."

On Aug. 4, 1922, a petition was presented on behalf of plaintiff, setting forth that inadvertently the defendant was described as "James B. Davis, Director General of Railways, Agent (operating, *inter alia,* Delaware, Lackawanna & Western Railroad)," whereas the correct title should be "James B. Davis, Director General of Railways, Agent (operating, *inter alia,* Pennsylvania Railroad Company, a corporation)," and praying for a rule to show cause why the title of the case should not be amended to read "James B. Davis, Director General of Railways, Agent (operating, *inter alia,* the Pennsylvania Railroad Company, a corporation)."

An answer was filed, in which it was averred that J. G. Dawson, the person upon whom the writ was served, is the commercial agent for the Delaware, Lackawanna & Western Railroad Company, and that he was not employed by, and was not an agent or officer of, the Pennsylvania Railroad Company, and that the writ in this case was never served upon any one in the employ or connected with the operation of the Pennsylvania Railroad Company; nor was it served upon James B. Davis, the Director General; and that no legal notice has been given to him or to an officer or agent of the Pennsylvania Railroad Company of the institution of this suit or of the presentation of the petition to amend the record.

It was under authority conferred by the Transportation Act that the sheriff served the writ upon an agent of the Delaware, Lackawanna & Western Railroad. The caption of the case indicates the claim to be one arising out of the operation by the president of that carrier, and counsel appeared for the Director General in his capacity as agent for that road.

The amendment proposing to strike out the words "Delaware, Lackawanna & Western Railroad" and insert "the Pennsylvania Railroad Company, a corporation," is for the apparent object of litigating a claim arising out of the operation of the Pennsylvania Railroad by the President, instead of the Delaware, Lackawanna & Western Railroad.

There has been no service upon an agent or officer of the Pennsylvania Railroad Company, and the Director General is in court only by virtue of the

appearance entered for him as the agent of the Delaware, Lackawanna & Western Railroad Company.

He is the agent designated by the President against whom actions at law based on causes arising out of the operation of railroads under the Federal Control Act must be brought; but a suit instituted against him as agent operating the Delaware, Lackawanna & Western Railroad, served only on an agent of that railroad, does not bring him within the jurisdiction of the court in his capacity as agent operating the Pennsylvania Railroad.

The Transportation Act authorized the bringing of suits based on causes of action arising out of the operation by the President of any carrier under the Federal Control Act within two years after the passage of the act, which provided for the designation by the President of an agent against whom suits could be brought, and the act permitted service of process upon an agent of the carrier company operating the railroad.

A suit may be instituted by serving the Director General or an operating official or agent of the railroad in respect of which the cause of action arose; but the court cannot acquire jurisdiction of a cause of action arising from the operation for the Director General of the Pennsylvania Railroad by the amendment proposed, where there has been no service on the Director General or on an agent or official of the railroad in respect of which the cause of action arises. Rule discharged.